## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**ROBERT EARL ROYSTER**
**Plaintiff,**

**vs.**                                    **Case No. 3:10cv30/LC/MD**

**DAVID MORGAN, et al.,**
**Defendants.**

_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The initial partial filing fee has been paid.  (Doc. 9).  Upon review of the complaint, the court concludes that plaintiff has failed to present an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992).  **Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).** *Mitchell v. Farcass*, **112 F.3d 1483, 1485 (11ᵗʰ Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.** *Hunnings v. Texaco, Inc.*, **29 F.3d 1480, 1483 (11ᵗʰ Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.** *See Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."** *Cottone v. Jenne*, **326 F.3d 1352, 1357 (11ᵗʰ Cir. 2003);** *Marsh v. Butler County, Ala.*, **268 F.3d 1014, 1022 (11ᵗʰ Cir. 2001).**

**At the time plaintiff initiated this lawsuit on January 27, 2010, he was a pre-trial detainee confined at the Escambia County Jail.  He is currently confined at Florida State Hospital.  (Doc. 7).  His complaint names four defendants:  three members of the Escambia County Sheriff's Office (Sheriff Morgan, Deputy Kilgren and Deputy Hall) and one family member, Daryl Royster, Jr.  (Doc. 1, pp. 1-2).  Plaintiff's claims arise out of his alleged false arrest on December 20, 2009.  Specifically, plaintiff alleges that in the early morning hours of December 20, 2009, he awoke from sleep in the den and went to the kitchen to make a sandwich.  Defendant Daryl Royster, Jr. came into the kitchen and started harassing him.  Plaintiff retreated to a bedroom, but Daryl Royster followed him and threatened to beat him to death.  Fearing for his safety, plaintiff grabbed a can of hornet spray and sprayed Daryl Royster in the face.  Daryl Royster ran from the room.  Plaintiff went to a neighbor's house.  According**

to plaintiff, Daryl Royster collected the spray can and a knife plaintiff had been using to cut his sandwich, placed them in the den, and called the police. Deputies Kilgren and Hall responded to the call and arrested plaintiff on charges of battery and aggravated assault with a deadly weapon. Plaintiff states the arrest was based on the deputies' sworn statements that plaintiff confessed to using the knife and spray. Plaintiff contends these statements were false, because he said only that he had "used the spray can in self defense due to the combination of . . . mental illness and fear caused by Daryl Royster, Jr." (*Id.*, p. 7). Plaintiff provides no further detail concerning the content of the arrest affidavit. Plaintiff believes his arrest was unlawful and the result of a conspiracy. (*Id.* pp. 7-8). As relief, he seeks the following:

> I am asking the United States District Court to award me 5 million dollars for pain and suffering. Also I want criminal charges filed against Deputies Andrew Keith Kilgren #306, and Hall #389. And also I want charge filed against Daryl Royster, Jr., above.

(*Id.*).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible § 1983 claim against any of the named defendants. Although plaintiff names Sheriff Morgan as a defendant, Morgan is mentioned nowhere in the body of plaintiff's complaint. To the extent plaintiff seeks to hold this defendant liable because he supervised Deputies Kilgren and Hall, his claim is subject to dismissal because *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 2037 (1979). "Supervisory liability occurs either when the supervisor personally

participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The court in *Brown* set forth the limited circumstances upon which a causal connection between the actions of a supervising official and the alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim. The causal connection can be established

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

*Id.* (citations omitted). In the instant case, plaintiff's complaint fails to provide any factual basis for holding Sheriff Morgan liable for the alleged deprivation of plaintiff's constitutional rights. Thus, plaintiff's claims against this defendant should be dismissed with prejudice.

Plaintiff's claims against defendant Daryl Royster, Jr. are also due to be dismissed. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

[T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted). Here, plaintiff suggests Daryl Royster, Jr. lied to police to have plaintiff falsely arrested. This allegation does not remotely suggest the kind of joint action with state actors that would subject this private party to § 1983 liability. Therefore, plaintiff's claims against defendant Royster must be dismissed.[1]

As to plaintiff's remaining claims of false arrest against Deputies Kilgren and Hall, plaintiff cannot obtain the relief he seeks. Plaintiff requests damages in the amount of $5,000,000 for the alleged false arrest. However, the Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that

---

[1]To the extent plaintiff suggests defendant Royster and the deputies conspired with one another to have plaintiff falsely arrested, his allegations are wholly conclusory and insufficient to state a plausible § 1983 claim. To establish a *prima facie* case of conspiracy under § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights." *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted) (in a summary judgment context). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants." *Id.* at 1283-84 (quotations and citation omitted). Vague or conclusory allegations are not sufficient. The allegations must be specific. *GJR Inv., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1370 (11th Cir. 1998); *Jackson v. Bell South Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation and quotation marks omitted) (alteration in original). In the instant case, plaintiff's sole allegation in support of his claim of conspiracy is that he believes one existed. This, without more, does not state a plausible claim of conspiracy against any of the defendants.

"the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody, *i.e.*, upon his arrest. *See Napier*, 314 F.3d at 533 (holding that § 1997e(e) applies to prisoner lawsuits claiming injuries suffered during an arrest, because that is a custodial episode).[2] Plaintiff seeks damages for the mental injury (pain and suffering) he suffered as a result of the defendants' conduct. However, he alleges no physical injury. His complaint cannot be liberally construed to request nominal damages.[3] Therefore, plaintiff's damages claims must be dismissed without prejudice under § 1997e(e). *See Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)); *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated,* 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part*, 216 F.3d 970 (11th Cir. 2000).

As to plaintiff's claims for injunctive relief, although § 1997e(e) does not materially thwart actions for injunctive relief, *Harris*, 190 F.3d at 1288, the relief plaintiff seeks in this case – the filing of criminal charges against the defendants –

---

[2]In *Napier*, a prisoner claimed that he suffered injury from his mistaken arrest by law enforcement officers. The Eleventh Circuit held that "[t]he embarrassment or emotional harm occasioned by the mistaken arrest occurred, at the earliest, when Napier was arrested – or, using the *Miranda* construct, at the moment that a reasonable person in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim." *Id.* at 533.

[3]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $5,000,000 in compensatory and/or punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

is not available under § 1983.  The law is well-settled that a private citizen "has no judicially cognizable interest" in the criminal investigation or prosecution of another. *Otero v. United States Attorney Gen.*, 832 F.2d 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (holding that a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (holding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *O'Berry v. State Attorneys Office*, 214 Fed. Appx. 654, 657 (11th Cir. July 23, 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen).   Therefore, plaintiff's claims for injunctive relief must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's § 1983 claims against Sheriff Morgan and Daryl Royster, Jr., be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  That plaintiff's conspiracy claims against Deputy Kilgren and Deputy Hall be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  That plaintiff's damages claims against Deputy Kilgren and Deputy Hall arising from his alleged false arrest be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  That plaintiff's claims for injunctive relief be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

5.  That the clerk be directed to close the file.

At Pensacola, Florida this 10th day of  May, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).